*891 OPINION.
Arundell:
We are not aware of the respondent’s reason for reducing the deduction claimed by the partnership for labor by $5,000. The evidence here is that liability for this sum was not only incurred in 1926, but that practically all, if not the entire sum, was actually paid out in the taxable year. This item is deductible in determining the net income of the partnership.
In its return for 1926 the partnership claimed the sum of $7,725.05 as a deduction for traveling and entertainment expenses. The respondent disallowed $5,500 of the amount on the ground that the claim was not supported by detailed information. Of the amount disallowed $1,500 was for expenses incurred by Abraham Sultan on the two trips he made to Porto Rico, $3,000 represented expenses of Judah Sultan on the three trips he made to solicit business, and the balance of $1,000 covered entertainment expenses in New York City.
From time to time during the year the partnership advanced to the individual members various sums estimated to cover’ their expenses. Adjustments were then made as of the close of the year by crediting the drawing accounts of the petitioners and charging traveling and entertainment expense accounts with the sum expended by the petitioners in connection with partnership business. In our opinion the evidence before us establishes that the $1,500 and $1,000 items should be allowed in full, and that $2,318 of the remaining $3,000 item should be allowed as a deduction.
We are also of opinion that one-half of the sum claimed as a deduction for the expenses of Joseph Sultan on the European trip should be allowed as a deduction in determining the partnership’s income.
*892 During the taxable year, which was the first year of its existence, the partnership charged oif accounts it regarded as worthless, and, in addition, set up a reserve for doubtful accounts, under the belief that the taxing act authorized such a course of procedure. The respondent allowed the amount charged off and disallowed the reserve account.
The regulations promulgated under section 214(a) (7) of the 1926 Act provides that “A taxpayer filing a first return of income may elect either of the two methods [Charge off debts ascertained to be worthless and set up a reasonable addition to a reserve for bad debts] subject to approval by the Commissioner upon examination of the return.” It does not appear that the respondent ever declined to approve the setting up of a reasonable reserve for bad debts. A taxpayer is not entitled to the two classes of deductions, but where the amount ascertained to be worthless and charged off, plus the amount set up as a reserve for bad debts, is not in excess of a reasonable reserve for bad debts, the taxpayer is not be denied the aggregate of the former sums on the technical ground that he failed to follow the letter of the law. Rhode Island Hospital Trust Co. v. Gommissioner, 29 Fed. (2d) 339. The uncontradicted testimony here is that one and one-half per cent of gross sales in 1926, which is about $600 in excess of the amount charged off and set up as a reserve for bad debts, would not be an unreasonable amount as a reserve for bad debts. The sum of $2,381.42, representing the amount set up as a reserve for bad debts, is deductible from gross income of the partnership.
We find no basis for the assertion of the 5 per cent negligence penalties in these three cases.

Decision will be entered under Rule 5G.